UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROBERT BURTIS,                                  :
                                                :
                    Plaintiff,                  :
                                                :
          -against-                             :     **SUMMARY ORDER OF REMAND**
                                                :     18-CV-2789 (DLI)(VMS)
FNU SAMIN,                                      :
                                                :
                    Defendant.                  :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

On May 10, 2018, defendant Fnu Samin ("Defendant") filed a notice to remove this action from the Supreme Court for the State of New York, Queens County, to this Court. Notice of Removal, Dkt. Entry No. 1 at 1[1] (the "Notice"). For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On November 14, 2017, Plaintiff Robert Burtis ("Plaintiff") commenced this action in state court, alleging that he sustained injuries due to Defendant's negligent operation of a motor vehicle. *See* Compl., Dkt. Entry No. 1 at 7-8. Specifically, Plaintiff claims that "on or about November 19, 2014, at approximately 11:55 a.m., the Plaintiff was lawfully walking and crossing the street when the Defendant suddenly reversed his vehicle and struck Plaintiff[,] causing Plaintiff severe and permanently disabling injuries as well as excruciating pain." *Id.* ¶ 4. The Complaint does not specify the location of the incident. Plaintiff claims that "the Defendant's negligence caused the accident and the resulting injuries." *Id.* ¶ 5. Plaintiff further claims that he "has suffered damages in an amount to be determined upon the trial of this action," and that the "amount of damages in

---
[1] The Notice, Certificate of Service, Summons, Complaint, and Verified Answer were filed as a single document with the Court, and none of the documents is paginated. Therefore, the Court refers to the page numbers of these documents as those assigned by the Electronic Case Filing System ("ECF").

this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." *Id.* ¶¶ 9-10.

On May 10, 2018, Defendant removed the case to this Court, asserting that there is federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.[2] Notice at 3 ¶ 6. Defendant also states that the "amount in controversy exceeds $75,000.00." *Id.* ¶ 7. However, the Complaint asserts monetary damages related to personal injuries in a non-specified amount, alleging that the amount of unspecified damages "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Compl. ¶ 10. Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of

---

[2]The Notice cites to "28 USC Section 1322," which does not exist. However, the Notice goes on to say that "the Court has diversity jurisdiction in actions where the parties are residents of different states." For the purposes of this Summary Order of Remand, the Court assumes that Defendant intended to cite to the section of Title 28 of the United States Code that concerns diversity of citizenship: 28 U.S.C. § 1332.

2

establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Stemmle v. Interlake Steamship Co.*, 198 F. Supp.3d 149, 156 (E.D.N.Y. 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). In this case, Defendant fails to meet his burden to show that the jurisdictional amount has been satisfied, as he pleads nothing more than a bare assertion that the "amount in controversy exceeds $75,000.00." *See* Notice at 3 ¶ 7. The Complaint does not specify an amount of damages (*see generally*, Compl.), and the Notice does not describe any attempt made by Defendant to ascertain a damages amount (*see generally*, Notice). Instead, Defendant baldly asserts that this Court has jurisdiction. Notice at 3 ¶¶ 7-8.

The face of the Complaint does not help Defendant's cause, as it neither alleges a damages amount nor provides specific information concerning the nature of Plaintiff's injuries. As a result, the Court is left to guess at the amount in controversy based on the Complaint's broad allegation that "Plaintiff suffered serious and severe injuries to his neck, left shoulder, right forearm, mid

3

back, lower back, and right knee," and that Plaintiff has "sought and received medical advice, care and treatment…[and] Plaintiff will be obliged to seek and receive further medical advice, care and treatment in the future as a result of his injuries." Compl. ¶¶ 7-8. Such a barebones pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, No. 11-cv-4893 (RRM)(ALC), 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action and noting "the Second Circuit's recent pronouncement that the amount in controversy is not established until 'plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought'" (quoting *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)).

Nor do Plaintiff's allegations that his damages are in an amount that "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction" (Compl. ¶ 10) help his cause. These allegations merely convey that Plaintiff seeks more than $25,000, which is the jurisdictional limit of the Civil Court of the City of New York. *See Woodley v. Mass. Mut.*, No. 08-cv-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "monetary jurisdiction of all lower [c]ourts") (citing *S.S.I.G. Realty, Inc. v. Bologna Holding Corp.*, 213 A.D.2d 617, 624 (2d Dep't 1995)); *See also Id.*, at *2 n.3 (collecting cases). As Defendant has failed to meet his burden, this Court lacks subject matter jurisdiction over this case.

The Court notes that Defendant was not without recourse to determine the amount of damages Plaintiff seeks. Pursuant to N.Y. C.P.L.R. 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." If the "supplemental demand is not served within fifteen days, the court, on motion, may

order that it be served." *Id.* Rather than prematurely removing the action to this Court, Defendant should have availed himself of the appropriate statutory provision, pursuant to which the state court, on motion, would order the plaintiff to respond to a demand for total damages. *Noguera*, 2011 WL 5117598, at *2 ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power—indeed, the statutory obligation—to consider so doing.").

Accordingly, the Court finds that, based on the paucity of information contained in the Complaint and the Notice, Defendant has failed to show that a reasonable probability exists that the value of Plaintiff's claims is in excess of $75,000. Therefore, remand to the state court is proper.

## CONCLUSION

For the reasons set forth above, this case is remanded to New York State Supreme Court, Queens County, under Index No. 715798/2017.

SO ORDERED.

Dated: Brooklyn, New York
      May 21, 2018

/s/
DORA L. IRIZARRY
Chief Judge

5